IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-07-CR-065 LY |
| | § | |
| CLARA ELIZABETH THOMAS | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on July 11, 2012, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On August 23, 2007, the offender appeared before United States District Judge Lee Yeakel for sentencing, after pleading guilty to bank fraud in violation of 18 U.S.C. § 1344(2). She was sentenced to 21 months of imprisonment, followed by five years of supervised release, and ordered to pay $101,389.54 in restitution. The Defendant commenced supervised release on October 10, 2008.

The defendant adjusted well to supervision for almost three years. She obtained employment, paid her restitution at $500 per month, and remained drug free. However, the defendant tested

positive for methamphetamine use in June 2011, and again in September 2011 (despite being referred to more intensive drug treatment after the first positive). She was therefore ordered to reside at the McCabe Center halfway house for 120 days, which she successfully completed in March 2012. In April 2012, the defendant found full-time employment, and has remained employed since that time.  However, on June 13. 2012, the defendant submitted a urine specimen that tested positive for amphetamine use.  Further, when deputy US Marshals were executing an arrest warrant for another supervisee, they found their suspect at the defendant's home, and she assisted him in attempting to hide from the Marshals.  She had not received permission to associate with the suspect, who is a convicted felon.

Based on the above, the Probation Office submitted its Petition for Warrant, and on July 3, 2012, the undersigned ordered the issuance of a warrant for the defendant.  The defendant was arrested on that warrant on July 9, 2012.  On July 11, 2012, the Defendant and her attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and her attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against her.

## II. FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the complaint.

2. The Defendant had both a factual and rational understanding of the proceedings against her.

3. The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

4. The Defendant has not had any injury that would affect her judgment in pleading true or that would affect his understanding of the basis, consequences, or effect of her plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist her attorney in the preparation and conduct of her defense.

7. The Defendant received a copy of the Petition naming her, and she read it.

8. The Defendant understood the Petition and the charges against her, and had the opportunity to discuss the Petition and charges with her attorney.

9. The Defendant understood that she had the right to present evidence and to crossexamine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12. The Defendant understood all of her statutory and constitutional rights and desired to waive them.

13. The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14. The Defendant violated conditions of her supervised release by (1) using methamphetamine; and (2) associating with a felon without permission.

### III. RECOMMENDATION

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant. The Court is obviously concerned by the Defendant's violation of

the conditions.  On the other hand, the Defendant has maintained stable employment throughout her supervision, has reported as directed, has not incurred any new arrests, remained drug free for three years, and has made laudable progress in paying her restitution.  Taking into account all of this, the Court believes that the Defendant's supervision should be CONTINUED, but that the Defendant be subjected to more frequent monitoring for use of controlled substances.    The Court warns the Defendant that because she is being given a second chance, if she is unsuccessful moving forward, the Court will have no choice but to enforce its orders with more serious sanctions.

IT IS THEREFORE RECOMMENDED that the the Defendant's supervision should be CONTINUED,

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 11th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE