IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. A-07-CR-065 LY |
| | § | |
| CLARA ELIZABETH THOMAS | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

The Court conducted a hearing on June 4, 2013, and heard evidence and arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

I. PROCEDURAL BACKGROUND

On August 23, 2007, the Defendant was sentenced to 21 months in prison, and five years of supervised release, for bank fraud, in violation of 18 U.S.C. § 1344.  The Defendant was released from the Bureau of Prisons and began supervision on October 9, 2008.

While the Defendant generally did well for her first three years on supervision, this is not the Defendant's first appearance before the undersigned on a petition to revoke supervision. Specifically, on July 11, 2012, the Defendant was before the court on allegations that she had been associating with a felon (another federal supervisee) and that she had been using methamphetamine.

After a hearing, the undersigned recommended that the Defendant be continued on supervision, primarily because of the fact that she had spent more than three years before that time employed, paying $500 monthly toward her restitution, and without having tested positive for drug use.[1] Judge Yeakel accepted that recommendation, and the Defendant was continued on supervision. For several months thereafter the Defendant seemed to once again be progressing well. In December 2012, however, the Defendant's 22 year-old son was diagnosed with Stage IV mouth and throat cancer, and given a poor prognosis. The Defendant is her son's sole caretaker through what has been by all accounts a very difficult treatment regimen, one that is not complete. In March 2013, the Defendant's husband injured his back, and has been out of work on disability leave, and thus the Defendant is also caring for him.

In the midst of these problems, on April 5, 2013, the defendant submitted a urine specimen that was positive for amphetamine use. On April 11, 2013, the Probation Office conducted an administrative hearing on these matters, and Defendant admitted her use of methamphetamine, and further admitted, when asked, that she had a small amount of methamphetamine in her purse in her car, which she surrendered to the probation officers. Based on this conduct, on May 13, 2013, the probation office submitted its petition alleging that the Defendant had violated her conditions of release by using and possessing methamphetamine. The undersigned ordered the issuance of a summons that same day.

On June 4, 2013, the Defendant and her attorney appeared before the undersigned Magistrate Judge. On the same date, the Defendant and her attorney signed a Consent to Allocution Before

---

[1] The original restitution amount in the judgment was $101, 389.54. Ms. Thomas has paid $18,182.09 toward this amount, leaving a current balance of $83,207.45.

United States Magistrate Judge.  Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the Court held a Supervised Release Revocation Hearing, at which time the Defendant pleaded "TRUE" to the charges against her.

## II.  FINDINGS OF THE COURT

1. The Defendant was competent to make the decision to plead true to the petition.

2. The Defendant had both a factual and rational understanding of the proceedings against her.

3. The Defendant does not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

4. The Defendant has not had any injury that would affect her judgment in pleading true or that would affect her understanding of the basis, consequences, or effect of her plea.

5. The Defendant was sane and mentally competent to stand trial for these proceedings.

6. The Defendant was mentally competent to assist her attorney in the preparation and conduct of her defense.

7. The Defendant received a copy of the Petition naming her, and she read it.

8. The Defendant understood the Petition and the charges against her, and had the opportunity to discuss the Petition and charges with her attorney.

9. The Defendant understood that she had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

10. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

11. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

12.     The Defendant understood all of her statutory and constitutional rights and desired to waive them.

13.     The Defendant voluntarily gave consent to allocute before the United States Magistrate Court.

14.     The Defendant violated the conditions of her supervised release by using and possessing methamphetamine.

## III.  RECOMMENDATION

This is a difficult and unusual case.  Ordinarily, when an offender is back before the Court for using controlled substances a second time, after having been given another chance to succeed following the first violation, the Court recommends the revocation of the offender's supervision.  The difference in this case is that there is no question but that the Defendant used methamphetamine in an unwise attempt to cope with the stress and grief of caring for her very ill 22 year-old son, who in all likelihood has terminal cancer.  Further, for more than four-and-a-half years of supervision, the Defendant's only violations have been two brief periods of relapsing into using methamphetamine.  She is presently four months from completing her five year term of supervised release.

Thus, while the Court has considered the policy statements in Chapter Seven of the Sentencing Guidelines, which, with a Grade C violation, and a criminal history category of III, advises a guideline range of 5 to 11 months of imprisonment, the Court does not believe that revocation is the appropriate remedy at this time.  Rather, as stated at the hearing, in light of the Defendant's current circumstances, and the Defendant's immediate admission to her mistake, the Court is willing to afford the Defendant one final chance to remain on supervision.  As stated at the

hearing, moving forward it will be the Defendant's choice to make regarding whether she will remain in a position to continue to care for her son. Any further drug use will tie the Court's hands and require revocation.

**IT IS THEREFORE RECOMMENDED** that the Defendant be **CONTINUED** on supervised release. There is no recommendation that the Defendant's conditions be modified, as the current conditions of supervision already provide the Probation Office with all of the tools needed to supervise the Defendant and provide resources to assist her in remaining drug free.

In the event the District Judge adopts this recommendation, the Defendant will have twice been given a "second" chance. As mentioned at the hearing, if the Defendant again violates, the Court will have no choice but to recommend the revocation of the Defendant's supervised release.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the ten day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it. The Clerks is ORDERED to mail each Party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of June, 2013.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE